UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDROJIT SARKER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SENGUPTA FOOD SERVICES, LLC D/B/A SOHO PARK, 17 STONE STREET, LLC D/B/A SOHO PARK, ASHIM SENGUPTA, SHAWN SENGUPTA, and LANA SENGUPTA,<br><br>　　　　　　Defendants. | No.<br><br>**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff Indrojit Sarker ("Plaintiff"), by his undersigned counsel, brings claims as a collective action for violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. (the "FLSA"), and as a class action pursuant to Fed. R. Civ. P. 23 for violation of the New York Labor Law ("NYLL") against defendants Sengupta Food Services, LLC d/b/a Soho Park ("SFS"); 17 Stone Street, LLC d/b/a Soho Park ("17 Stone"), and the Individual Defendants Ashim Sengupta, Shawn Sengupta, and Lana Sengupta (collectively, "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

　　　　1.　　This is a collective action under the FLSA and a class action under the NYLL against Defendants for failure to pay Plaintiff and other members of Defendants' staff (the "Employees") for hours worked over 40 as required by the FLSA and the NYLL.

　　　　2.　　Defendants operate two restaurants, each of which is called Soho Park. One restaurant is located at 62 Prince Street, New York, New York, and one restaurant is located at

832 8th Avenue, New York, New York.  The Individual Defendants are the owners and operators of the restaurants and exercise control over Plaintiff and the Class, including hiring, firing, supervising their work, setting their schedules, determining and implementing all wage and hour policies including policies governing overtime pay, and setting their rates of pay.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331.  This Court has jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including but not limited to Plaintiff's employment by Defendants.

## THE PARTIES

5. Plaintiff was employed by Defendants as an hourly-paid, non-exempt employee from 2010 through September, 2017.  Plaintiff's most recent rate of pay was $11 per hour, although he was paid $15 per hour during some periods.  During most weeks of his employment, Plaintiff worked over 40 hours but was not paid for hours worked over 40.  Instead, Plaintiff was paid for only 40 hours, at his regular hourly rate.

6. Defendants SFS and 17 Stone are New York limited liability companies doing business as Soho Park.  Defendant SFS operates the Soho Park location at 62 Prince Street.  Defendant 17 Stone operates the Soho Park location at 832 8th Avenue.  Defendants operate as a single employer and, among other things, share the same owners and management and the same employees.  Plaintiff has worked at each location.

7. The Individual Defendants are the owners, officers and/or managers of Soho Park. The Individual Defendants are the owners and operators of the restaurants and exercise control over Plaintiff and the Class, including hiring, firing, supervising their work, setting their rates of pay, setting their schedule, and otherwise participating in the day-to-day operations of Soho Park.

## COLLECTIVE ALLEGATIONS

8. Plaintiff brings the First Cause of Action as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b) on behalf of himself and other similarly situated people (the "Collective"), which shall include**:**

> All non-exempt employees of Defendants, excluding tipped wait staff, who are or were employed by Defendants from September 27, 2014 through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Class Period").

9. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective. There are 40 or more similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records that Defendants are required to create and maintain under applicable federal and state law. Notice should be sent to the Collective pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the following class of Employees (the "Class"):

> All non-exempt employees of Defendants, excluding tipped wait staff, who are or were employed by Defendants from September 27, 2011 through the date a judgment is entered in this action.

11. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff estimates that there are 40 or more members of the Class.

12. Questions of law and fact are common to all the members of the Class that predominate over any questions affecting only individual members, including:

    a. Whether Plaintiff and the Class worked over 40 hours per week;

    b. Whether Plaintiff and the Class were paid at overtime rates (time and one-half their hourly rate) for all hours worked over 40 in each work week;

    c. Whether Defendants' conduct violated the NYLL;

    d. Whether Defendants' conduct was willful and/or not in good faith;

    e. Whether Plaintiff and the Class are entitled to liquidated damages; and

    f. The amount by which Plaintiff and the Class were damaged.

13. The claims of Plaintiff are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

14. Plaintiff will protect the interests of the Class fairly and adequately, and Plaintiff has retained attorneys experienced in class action litigation.

15. A class action is superior to all other available methods for this controversy because:

    a. The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that would, as a

practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

        b.     The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendants;

        c.     Defendants acted or refused to act on grounds generally applicable to the Class; and questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

        d.     Class members who are currently employed by Defendants are likely to fear retaliation and/or the loss of their employment, and thus will likely not commence their own actions or assert FLSA claims as part of the Collective.  Defendants have shown a pattern of retaliation against employees who complain about violations for the labor laws.

## SUBSTANTIVE ALLEGATIONS

16.     Plaintiff was employed by Defendants from in or about 2010 through September, 2017.  In most or all weeks of his employment, Plaintiff worked over 40 hours per week and was not paid for hours worked over 40.  For the majority of his employment, Plaintiff's regular hourly rate was $11.  If Plaintiff had been paid for overtime, his overtime rate of time-and-one-half his regular hourly rate would have been $16.50.

17.     Plaintiff's time and pay records confirm that, throughout this employment, Plaintiff worked over 40 hours per week and was not paid for any hours worked over 40.

18.     By way of example, during the week of August, 13, 2012 through August 19, 2012, Plaintiff worked 64 hours and 41 minutes.  For that week, Plaintiff was paid for 40 hours

at his regular hourly rate of $11.  Plaintiff is owed $408.37 in back pay (24.75 hours X $16.50 per hour overtime rate), plus 100% liquidated damages in the amount of $408.37, for that week.

19.   During the week of November September 22, 2014 through September 28, 2014, Plaintiff worked 56 hours and 27 minutes.  Plaintiff was paid $600 for 40 hours at a regular hourly rate of $15.  Plaintiff is owed $371.25 in back pay (16.5 hours X $22.50 per hour overtime rate), plus 100% liquidated damages in the amount of $371.25, for that week.

20.   During the week of November 14, 2016 through November 20, 2016, Plaintiff worked 54 hours and 24 minutes.  Plaintiff was paid $440 at his regular hourly rate of $11.  Plaintiff is owed $239.25 in back pay (14.5 hours X $16.50 per hour overtime rate), plus 100% liquidated damages in the amount of $239.25, for that week.

21.   During the week of May 15, 2017 through May 21, 2017, Plaintiff worked 53 hours and 13 minutes.  Plaintiff was paid $440 at his regular hourly rate of $11.  Plaintiff is owed $218.62 in back pay (13.25 hours X $16.50 per hour overtime rate), plus 100% liquidated damages in the amount of $218.62, for that week.

22.   Plaintiff is not the only employee of Defendants who was denied pay for working overtime.  As Plaintiff learned from extensive conversations with other employees throughout his employment, it is Defendants' common practice to deny overtime pay to all employees.

23.   Plaintiff primarily worked at Park Soho on Prince Street.  However, Plaintiff has learned from employees of Defendants who work at the 8th Avenue location that it is Defendants' regular practice to deny overtime pay to employees at that location as well.

24.   Plaintiff has worked at the 8th Avenue location, and when he did, he was denied overtime pay in the same manner as when he worked at the Prince Street location.

25. Defendants' conduct was willful. Defendants have been subject to previous lawsuits for failure to pay overtime and nonetheless continued their unlawful practice of denying overtime pay as alleged herein. Defendants have retaliated against past employees who complained about Defendants' violations of the labor laws.

## COUNT I

### Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*:
### Failure to Pay Overtime
### (Brought on Behalf of Plaintiff and the Collective)

26. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

27. During the FLSA Class Period, Plaintiff and others similarly situated were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

28. At all relevant times, Defendants have been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

29. At all relevant times, Defendants' business has had annual gross revenues in excess of $500,000.

30. Defendants were required to pay Plaintiff and others similarly situated all wages due including applicable overtime wages in a timely manner.

31. During the FLSA Class Period, Defendants failed to pay Plaintiff and the Collective all wages due including overtime wages in a timely manner, in violation of the FLSA.

32. Defendants' violation of the FLSA was part of their regular business practice and constituted a pattern, practice, and/or policy.

33. As a result of Defendants' violations of the FLSA, Plaintiff and others similarly situated have suffered damages by being denied overtime pay in amounts to be determined at

trial, and are entitled to recovery of such amounts, liquidated damages in an amount equal to their unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, and costs, pursuant to 29 U.S.C. §216(b).

34. Defendants' unlawful conduct, as described above, was willful and intentional and/or was not in good faith. Defendants knew or should have known that the practices complained of herein were unlawful.

35. Defendants have not made a good faith effort to comply with the FSLA with respect to the compensation of Plaintiff and others similarly situated.

36. Because Defendants' violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

## COUNT II

### New York Labor Law:
### Failure to Pay Overtime
### (Brought on Behalf of Plaintiff and the Class)

37. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

38. Plaintiff and the Class were employees of Defendants within the meaning of NYLL, Article 6, §190(2), and supporting New York regulations.

39. Defendants were an "employer" within the meaning of NYLL Article 6, §190(3), and any supporting regulations.

40. Defendants failed to pay Plaintiff and the Class for hours worked over 40 in a work week, in violation of the NYLL and its implementing regulations.

41. Defendants' failure to pay Plaintiff and the Class their wages was willful and/or not in good faith within the meaning of NYLL, Article 19, §663. Defendants were aware of the requirements of the NYLL and continued to deprive Plaintiff and the Class of all wages owed.

42. Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Employees the following relief:

A. An order certifying the first Count as a collective action for the violations of the FLSA, under 29 U.S.C. §216(b) for the Collective of employees described herein and designating Plaintiff's counsel as Class counsel;

B. An order certifying the second Count as a class action for violations of the NYLL under Federal Rule of Civil Procedure 23(a) and (b)(3) for the class of employees described herein, appointing Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

C. Award Plaintiff and the Employees all statutory damages, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, and post-judgment interest, statutory damages, and any other damages that may be just and proper;

D. Award Plaintiff and the Employees their reasonable attorneys' fees, costs and expenses as authorized by law;

E. Enjoin Defendants from their continued violation of the FLSA and the NYLL; and

F.  Grant in favor of Plaintiff and the Employees such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: September 27, 2017       **GARDY & NOTIS, LLP**

By: s/*Orin Kurtz*
Mark C. Gardy
Orin Kurtz
Tower 56
126 East 56th Street, 8th Floor
New York, New York 10022
Tel: (212) 905-0509
Fax: (212) 905-0508
mgardy@gardylaw.com
okurtz@gardylaw.com

*Attorneys for Plaintiff*