UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDROJIT SARKER,<br><br>                Plaintiff,<br>v.<br>SENGUPTA FOOD SERVICES, LLC D/B/A SOHO PARK, 17 STONE STREET, LLC D/B/A SOHO PARK, ASHIM SENGUPTA, SHAWN SENGUPTA, and LANA SENGUPTA,<br><br>                Defendants. | No. 17-cv-7393 (BCM) |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION**
**<u>FOR APPROVAL OF SETTLEMENT</u>**

Plaintiff Androjit Sarker ("Plaintiff") and defendants Sengupta Food Services, LLC d/b/a Soho Park ("SFS"); 17 Stone Street, LLC d/b/a Soho Park ("17 Stone"), and the Individual Defendants Ashim Sengupta, Shawn Sengupta, and Lana Sengupta (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for approval of the parties' proposed settlement (the "Proposed Settlement" or the "Settlement Agreement," attached hereto as Exhibit A) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). For the following reasons, the Settlement should be approved.

## INTRODUCTION

This was an action for alleged failure to pay Plaintiff overtime in violation of the Fair Labor Standards Act, (the "FLSA"), 29 U.S.C. §201, *et seq.*, and the New York Labor Law (the "NYLL").

The action has been settled for total consideration of $80,000; Plaintiff's counsel seeks reimbursement of litigation expenses and attorneys' fees in the combined amount of 33.3% of settlement consideration. This settlement is an excellent result, recovering a substantial portion of Plaintiff's FLSA/NYLL damages including liquidated damages. Plaintiff estimates that the recovery is at least 92% of his potential maximum FLSA/NYLL recovery, a percentage far more favorable than other settlements that have been approved in this District. *See Beckert v. Ronirubinov*, No. 15 CIV. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (plaintiff would receive $29,557.97, which was "a substantial proportion of the maximum possible recovery [of]" $114,700.").

## FACTS AND PROCEDURAL HISTORY

This action was filed as a class and collective action against Defendants, two restaurants and their owners, on September 27, 2017. Docket No. 1. The Complaint alleged that Plaintiff and similarly-situated restaurant employees worked as many as 70 hours per week for Defendants but were not paid for hours worked over 40 in a work week. On December 19, 2017, the parties attended a Court-mandated mediation as part of the SDNY mediation program but did not reach a settlement. Thereafter, on January 10, 2018, the Parties attended an initial conference with Judge Daniels. Judge Daniels thereafter approved the Parties' proposed case management plan. On January 8, 2018, Plaintiff served discovery requests on Defendants. On January 16, 2018, Defendants served discovery requests on Plaintiff. On January 25, 2018, Plaintiff moved for conditional certification pursuant to the FLSA, 29 U.S.C. §216(b).

The Parties continued to discuss settlement throughout the action. After a long period of arms' length negotiations, the Parties notified the Court on April 9, 2018 that they had reached a settlement in principle. Docket No. 28.

## THE PROPOSED SETTLEMENT

The parties have settled this matter for a total amount of $80,000. The additional key provisions of the parties' Settlement Agreement are as follows:

1.  The Parties are exchanging releases but Plaintiff has only released his wage and hour claims (Settlement Agreement ¶4);

2.  The Parties have included a mutual non-disparagement clause which, in compliance with this Court's directive (Docket No. 38), does not prevent Plaintiff from

2

speaking truthfully about his employment with Defendants or this Action (Settlement Agreement ¶15);

3.    Defendants have signed affidavits of confession of judgment, agreeing to a judgment for any unpaid settlement amounts in the event of a default (Settlement Agreement Exh. A); and

4.    The parties request that the Court retain jurisdiction over disputes arising out of the settlement agreement (Settlement Agreement ¶11).

## **THE PROPOSED SETTLEMENT WARRANTS APPROVAL**

In order for a FLSA settlement to be binding, the parties must either seek court approval or seek approval of the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.*, No. 04CIV.4488PAC, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, No. 14-CV-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, No. 11 CIV. 465 KBF, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of

3

> the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, the result is fair and reasonable and was reached after a *bona fide* dispute that went to litigation, including the filing of Defendants' answer, the commencement of discovery, attendance at a court-ordered mediation, and continued settlement negotiations after the mediation. The Parties disagreed over many issues, including whether Plaintiff was paid for all of the overtime hours he worked, and the proper hourly rate for such work with Defendants contending that Plaintiff's weekly pay was increased in weeks during which he worked overtime and that the increased pay covered Plaintiff's overtime pay. The Parties each produced conflicting records of Plaintiff's hours worked and thus there was a *bona fide* dispute concerning the number of hours Plaintiff worked and should have been paid for.

Each of the *Wolinsky* factors for approval of the settlement is met for the following reasons:

*First*, Plaintiff's recovery of $80,000 is between 92% and 119.9% of his maximum unliquidated FLSA/NYLL recovery, depending on whether Plaintiff's damages model or Defendants' damages model is the benchmark. Plaintiff's regular hourly rate was $11.00, and thus his overtime rate was $16.50. Plaintiff estimates that he worked a total of 5,248 hours of overtime, which would amount to $86,592 and thus his recovery of $80,000 is 92% of his maximum. Defendants claimed that they paid Plaintiff for at least 1,176 hours of overtime work, thus leaving Plaintiff with 4072 unpaid hours

4

of work for a maximum unliquidated recovery of $67,188. Plaintiff's $80,000 recovery is 119.9% above that figure.

*Second*, by settling now, the parties avoid the substantial burden and expense of establishing their claims and defenses. Although Plaintiff could prove his hours worked by testimony and by records he kept, Defendants have documents indicating that they could cast doubt on the number of hours Plaintiff alleges he worked in the complaint which if accepted could substantially reduce Plaintiff's recovery.

Defendants are relieved of the costs defending against Plaintiff, and the risk that, even if Plaintiff wins a small amount at trial, his reimbursable attorneys' fees and expenses could be substantial. *See* 29 U.S.C. §216(b) (prevailing plaintiff is entitled to a reasonable attorney's fee and costs).

*Third*, for the same reasons as in factor 2, each party avoids the risk that its claims or defenses would be rejected by the Court or a jury.

*Fourth*, the Settlement Agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests. The Parties also attended a mediation pursuant to the SDNY's pilot program, engaged in settlement discussions with a Court-appointed mediator, and continued to engage in settlement discussions throughout the Action.

*Fifth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the Settlement Agreement.

*Sixth*, the other terms of the Settlement Agreement comply with *Cheeks* as interpreted by the courts in this Circuit. The Settlement Agreement has a mutual non-disparagement clause that does not prevent Plaintiff from speaking truthfully about his

5

employment with Defendants which this Court has indicated is permissible. Docket No. 38. The Parties also have a no-future employment provision and a no-entry provision which will not affect Plaintiff's future employment. Settlement Agreement ¶¶15, 17. Plaintiff states that (1) he has no desire to work for Defendants (who own two restaurants) and has left the restaurant industry so this will not affect his future employment; (2) he has no desire to return to Defendants' establishment; and (3) although Plaintiff believes that these provisions are not within the spirit of the FLSA, he is willing to enter into these provisions in order to end the matter. *Flores v. Food Exrpess Rego Park, Inc.*, No. 15CV1410KAMSMG, 2016 WL 386042, at *2 (E.D.N.Y. Feb. 1, 2016) (approving similar clause where "the waiver's impact on plaintiff's future career opportunities is not substantial.")

## **PLAINTIFF SHOULD BE GRANTED ATTORNEYS' FEES AND EXPENSES**

Under the FLSA and the NYLL, a prevailing plaintiff is entitled to reasonable attorneys' fees. 29 U.S.C. §216(b); NYLL §198. Plaintiff's counsel seeks reimbursement of $1,584.52 in expenses and $25,055.48 in attorneys' fees for a total of $26,640; the requested fee and expense reimbursement combined amounts to 33.3% of Plaintiff's recovery. This arrangement is more favorable to Plaintiff than the 33.3% fee on the gross recovery, before deduction of expenses, that Plaintiff agreed to in his retainer.

Courts in this Circuit generally award a 33.3% fee for FLSA settlements. *See, e.g., Martinez v. Gulluoglu* LLC, No. 15-cv-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016); Docket No. 38 (citing *Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667 PAE, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015).

Plaintiff's counsel's lodestar exceeds the $25,055.48 requested fee award. *See* Exhibit B hereto (attorney time records showing 82.05 hours of work).[1] Plaintiff's counsel has been approved at rates of $400, which, if applied to this lodestar, would be $33,000. *See Salisbury v. TransCare Corporation*, No. 14-cv-2827 (RER) (E.D.N.Y.), Docket No. 42 (approving 33% of settlement amount, which amounted to an hourly rate of $398.32). The effective hourly rate of $305.36 is within the reasonable range for attorneys in FLSA cases; Plaintiff's counsel is a partner who has been litigating Fair Labor Standards Act matters since approximately 2006 and has obtained significant results in Fair Labor Standards Act cases including, among others a $5 million settlement for failure to pay overtime in a collective action consisting of hundreds of employees. *See Flores v. Food Express Rego Park. Inc.*, No. 15-CV-1410 (KAM) (SMG), 2016 WL 386042, at *3 (E.D.N.Y. Feb. 1, 2016) (collecting cases/hourly rates).

In this case, Plaintiffs' counsel devoted substantial time and effort to the litigation including an initial meeting with Plaintiff, frequent phone calls with Plaintiff concerning the status of the case and discussing issues that arose in the case, legal research concerning the merits of Plaintiff's claims, attending a court-ordered mediation and preparing for that mediation including a damages calculation based on six years of time records Plaintiff kept, drafting a motion for conditional certification, serving discovery on Defendants, preparing to respond to discovery served by Defendants, attending a court conference, devoting a substantial amount of time and effort to the researching and

---

[1] As the Court is aware, Plaintiff raised a dispute with the Court in connection with the finalization of the settlement agreement and sought an extension to file the within motion. Plaintiff's counsel has not submitted any of the time in connection with that dispute on this motion.

7

negotiating of the Settlement Agreement, and counseling Plaintiff about the Settlement Agreement. All of this work is reflected in the attorney time records attached hereto as Exhibit B.

Finally, Plaintiff's counsel submits expenses in the amount of $1,584.52. Exhibit C. These expenses include the fee for filing and serving the complaint, electronic legal research on Westlaw and PACER, and postage charges, each of which is routinely incurred and reimbursed in litigation. *Capsolas v. Pasta Res. Inc.*, No. 10-CV-5595 RLE, 2012 WL 4760910, at *9 (S.D.N.Y. Oct. 5, 2012) (counsel's "unreimbursed expenses, including . . . postage, transportation, working meal costs, photocopies, and electronic research, are reasonable and were incidental and necessary"); *Anwar v. Fairfield Greenwich Ltd.*, No. 09-CV-118 VM, 2012 WL 1981505, at *3 (S.D.N.Y. June 1, 2012) ("reimbursement for expenses such as [] electronic legal research, photocopying, postage, and travel expenses [are] the type "the paying, arms' length market" reimburses attorneys.").

## CONCLUSION

For the foregoing reasons, the Court should approve the settlement in the amount of $80,000, grant Plaintiff attorneys' fees and expenses in the combined amount of $26,640, and retain jurisdiction over disputes arising out of the Settlement Agreement.

DATED: July 12, 2018

By: s/*Michael K. Chong*       By: s/*Orin Kurtz*

Michael K. Chong, Esq.      Orin Kurtz
2 Executive Drive, Ste. 720      Gardy & Notis, LLP
Fort Lee, NJ 07024      Tower 56
Tel: (201) 947-5200      126 East 56th Street, 8th Floor
Fax: (201) 708-6676      New York, New York 10022

300 Hudson Street, Ste. 10  Tel: (212) 905-0509
Hoboken, NJ 07030  Fax: (212) 905-0508
Tel: (201) 203-7476
Fax: (201) 708-6676  *Attorneys for Plaintiff*

1250 Broadway, 36th Floor, Ste. 300
New York, NY 10010
Tel: (212) 726-1104
Fax: (212) 726-3104
MKC@mkclawgroup.com

*Attorneys for Defendants*